**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

YASSER CARRILLO CHARTRAND,

                      Petitioner,

              v.                                15-CR-039-A
                                               17-CV-0563-A
UNITED STATES OF AMERICA,            **DECISION AND ORDER**

                      Respondent.
_____

Petitioner Yasser Carrillo Chartrand seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.[1]

## DISCUSSION

On June 22, 2016, Petitioner pled guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. *See* Docket No. 67 (Plea Agreement). In Petitioner's plea agreement, Petitioner and the Government agreed that Petitioner's base offense level was 7. *Id.* ¶ 6. The parties also agreed that, after several Sentencing Guidelines enhancements, Petitioner's base offense level should be increased 8 levels, for an adjusted offense level of 15. *See id.* ¶ 7.

As is particularly relevant here, the parties further agreed that, "[a]t sentencing, the government agrees not to oppose the recommendation that the Court apply the two . . . level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one . . . level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 13."

---

[1] The Court dismisses the motion without ordering the Government to file "an answer, motion, or other response" because "it plainly appears from the motion . . . and the record of prior proceedings that [Petitioner] is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

1

*Id.* ¶ 9. Finally, the parties agreed that Petitioner's criminal history category was I, and that with a total offense level of 13, his Guidelines imprisonment range was 12 to 18 months. *Id.* ¶ 11. At sentencing, the Court found that the Guideline range for imprisonment was, as the parties had agreed, 12 to 18 months. The Court sentenced Petitioner to a term of imprisonment of twelve months and one day. Petitioner did not file a notice of appeal.

Petitioner has since filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Petitioner correctly notes that his plea agreement "seems to [contain] a mathematical error." Docket No. 77 at 2. Specifically, the plea agreement contemplates that Petitioner would receive a two-level downward adjustment for acceptance of responsibility, pursuant to Guideline § 3E1.1(a). However, the plea agreement also contemplates that Petitioner would receive an additional one-level downward adjustment for pleading guilty, pursuant to Guideline § 3E1.1(b). Thus, Petitioner argues, his adjusted offense level should have been 12, rather than 13. Combined with his criminal history category of I, this would result in a Guidelines imprisonment range of 10 to 16 months. Petitioner contends that his counsel "was ineffective for not reading over the plea agreement for mathematical error(s)." *Id.*

Petitioner's motion must be denied. Guideline § 3E1.1(b) allows the Court, upon the Government's motion, to reduce the offense level by one level based on a defendant's decision to plead guilty. This adjustment, however, is available only if, among other things, "the offense level determined prior to the operation of [§ 3E1.1(a)] is level 16 or greater." U.S.S.G. § 3E1.1(b).

Petitioner was ineligible for the additional one-level downward adjustment authorized by § 3E1.1(b) because his adjusted offense level "prior to the operation of [§ 3E1.1(a)]" was 15—not "16 or greater." Petitioner's plea agreement therefore correctly concludes that Petitioner's total adjusted offense level is 13, and not 12. It is unclear why the plea agreement states that Petitioner is entitled to an additional one-level downward adjustment pursuant to § 3E1.1(b). But even assuming that he has demonstrated ineffective assistance of counsel, Petitioner cannot "show that there is a reasonable probability that, but for counsel's [assumed] unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Petitioner's Guideline calculation would have been the same with or without the error he identifies in his plea agreement.

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion (Docket No. 77) is denied. Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 17-CV-0563-A.

**SO ORDERED.**


Dated: July 5, 2017                           _s/Richard J. Arcara_
     Buffalo, New York                 HONORABLE RICHARD J. ARCARA
                                            UNITED STATES DISTRICT JUDGE